## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | **CASE NO. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | * | **CHAPTER 11** |
| **FOR THE ARCHDIOCESE** | * | |
| **NEW ORLEANS** | * | |
| DEBTOR | * | |
| | * | |
| | * | |
| **JOHN ASARE-DANKWAH** | * | **ADVERSARY NO.:** |
| | * | **21-1016** |
| *versus* | * | |
| | * | |
| **A.A. DOE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO WITHDRAW REFERENCE,
## TRANSFER, AND CONSOLIDATE CASES

**NOW INTO COURT** through undersigned counsel comes defendant, A. A. Doe, who moves this Honorable Court to transfer and consolidate this matter to the United States District Court for the Eastern District of Louisiana and consolidate it with the related pending matter for reasons set forth below:

### 1.

Plaintiff, John Asare-Dankwah commenced this action by filing his Complaint in the Bankruptcy Court for the Eastern District of Louisiana on May 3, 2021.[1]

### 2.

The matter was transferred to this Court due to a conflict of interest by the only judge in that Court.

---

[1] John Asare-Dankwah is the plaintiff in this claim. For clarity in reference, he will be referred to as "Plaintiff" in this pleading. "Mover" in this pleading shall refer to A. A. Doe, who is the plaintiff in proceeding number 21-215 on the docket of the U.S.D.C. for the Eastern District of Louisiana.

**3.**

On January 27, 2021, Mover had already filed a lawsuit in the Civil District Court for the Parish of Orleans making various allegations against Plaintiff. The State Court action was removed to the District Court for the Eastern District of Louisiana and assigned docket number 2:21-cv-00215.

**4.**

Mover's allegations against Plaintiff are set forth in the Complaint in the District Court action.

**5.**

The claim made by Plaintiff is more properly pled as a counterclaim directly related to docket number 2:21-cv-00215 in the Eastern District of Louisiana.

**6.**

Pursuant to 28 U.S.C.§ 1334(a), the District Court for the Eastern District of Louisiana has original jurisdiction either exclusively or discretionarily over the claim made by Plaintiff in this cause.

**7.**

Plaintiff has sought to invoke the jurisdiction of the bankruptcy court by filing this adversary proceeding in the Eastern District Bankruptcy Court proceeding, *In re The Roman Catholic Church of the Archdiocese of New Orleans*, 20-10846. The only relationship that this action bears to the bankruptcy proceeding is that Mover has also filed a Proof of Claim in that proceeding based on the same factual allegations contained in his state court (removed) lawsuit.

**8.**

This claim does not entitle Plaintiff to file an adversarial proceeding in the bankruptcy court for the following reasons:

a.  Plaintiff does not have standing to object to Mover's Proof of Claim because he has no legally protected, pecuniary interest that could be affected by the bankruptcy proceeding as required by 11 U.S.C. §502(a).

b.  Even if Plaintiff had standing before the Bankruptcy Court, his claim should properly be transferred to and consolidated with the district court proceeding in accordance with Rule 1015(a) of the Local Rules of the Bankruptcy Court, which provides claims between "identical individuals or entities" are related cases and should be consolidated to a single court "to promote efficient administration of the estates and avoid conflicting or inconsistent rulings".

**WHEREFORE**, mover, A. A. Doe, respectfully prays for an order transferring this case to the Eastern District of Louisiana and consolidating it with the matter numbered and entitled, *A.A. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al.,* 21-215.

Respectfully submitted,

/s/Desirée M. Charbonnet
DESIRÉE M. CHARBONNET (24051)
365 Canal Street
Suite 1100
New Orleans, LA 70130
Telephone: (504) 399-3374
Fax: (504) 561-7850
dcharbonnet@desireelaw.com

Matthew P. Chenevert (04026)
3043 Elmwood Park Drive
New Orleans, LA 70114
Telephone: (504) 451-4727
Fax: (877) 452-2761
mpchenevert@gmail.com

Bernard L. Charbonnet, Jr. (0450)
David M. Fink (33550)
365 Canal Street
Suite 1100
New Orleans, LA 70130
Telephone: (504) 561-0996
Fax: (504) 561-7850
dfink@charbonnetlaw.com
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served

on all parties or their attorneys of record via the court's CM/ ECF system, electronically or by

placing same in the U.S. Mail, first class postage prepaid this 24th day of June 2021.


*/s/Desirée M. Charbonnet*
**DESIREE M. CHARBONNET**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | **CASE NO. 20-10846** |
| **THE ROMAN CATHOLIC CHURCH** | * | **CHAPTER 11** |
| **FOR THE ARCHDIOCESE** | * | |
| **NEW ORLEANS** | * | |
|     **DEBTOR** | * | |
| | * | |
| | * | |
| **JOHN ASARE-DANKWAH** | * | **ADVERSARY NO.:** |
| | * | **21-1016** |
| *versus* | * | |
| | * | |
| **A.A. DOE** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW
### REFERENCE TRANSFER, AND CONSOLIDATE CASES

John Asare-Dankwah (referred to as "Plaintiff" in this memorandum) commenced this action by filing his Complaint in the Bankruptcy Court for the Eastern District of Louisiana (the "Eastern District") on May 3, 2021. The case was automatically referred to this Court due to a conflict of interest by the only judge in that Court.

Plaintiff seeks relief in the form of damages for defamation, false light invasion of privacy, and intentional infliction of emotional distress. In addition, Plaintiff uses his Complaint as a means to lodge an objection to the Proof of Claim filed by A. A. Doe (referred to as "Mover" in this memorandum).

On January 27, 2021, Mover had previously filed a lawsuit in the Civil District Court for the Parish of Orleans making various allegations against Plaintiff. On the motion of the Roman Catholic Archdiocese of New Orleans (the "Archdiocese"), the State Court action was removed to the United States District Court for the Eastern District of Louisiana. The case, once removed, was assigned docket number 2:21-cv-00215. The case is captioned *A. A. Doe v. The Roman*

*Catholic Church of the Archdiocese New Orleans, et al.* For clarity in reference, this case will be referred to as the "Removed Case".

The removal was based on 28 U.S.C. §§1334 and 1452. The Archdiocese is the debtor in Bankruptcy in the Eastern District of Louisiana in proceeding number 20-10846. The Archdiocese was named as a defendant in the Removed Case.[1] Therefore, the removal was supported by the statute.

Mover's allegations against Plaintiff in the Removed Case substantially form the basis of Plaintiff's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress. The tort claims made by Plaintiff in the case at bar are both *compulsory* counterclaims in the Removed Case. Fed. R. Civ. P. 13 (a)(1) requires, in pertinent part, that "A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim … arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…"

Even if Plaintiff's counterclaim were permissive instead of compulsory, the matter still should have been filed in the Eastern District and consolidated with the pending Removed Case. The District Court for the Eastern District has original jurisdiction over the claims made by Plaintiff in this case. 28 U.S.C.§ 1334(a) provides that, "the district courts shall have original and exclusive jurisdiction of all cases under title 11."

Plaintiff has sought to invoke the jurisdiction of the Bankruptcy Court by coupling this adversary proceeding with an objection to Mover's Proof of Claim in the Archdiocese's bankruptcy proceeding. An adversary proceeding to recover money or to determine a claim or cause of action removed under 28 U.S.C. §1452 may not be filed with an objection to a proof of

---

[1] Since the removal, the Archdiocese was dismissed as a party defendant in accord with the automatic stay provided by the 11 U.S.C. §362.

2

claim. This claim does not entitle Plaintiff to file an adversarial proceeding in the Bankruptcy Court because Plaintiff has no "legally protected, pecuniary interest that could be affected by the bankruptcy proceeding" as required by 11 U.S.C. §502(a). *In re The C. P. Hall Company*, 513 B.R. 540 (Bankr., ND Ill, 2014 at 545-546). He is neither a trustee, creditor nor a debtor. His financial status will not be affected in any manner by the outcome of Mover's claim in the Archdiocese's bankruptcy.

Even if Plaintiff had standing before the Bankruptcy Court, his claim is not the proper subject of an adversary proceeding. First and foremost, the claim set forth in the Complaint is a compulsory counterclaim that is required to be filed in the pending Removed Case as set forth above. In addition, the claims made by Plaintiff do not fall within any of the ten categories of claims that may be brought in an adversary proceeding. Fed. R. Bankr. P. 7001 enumerates the exclusive types of claims that may be brought in an adversary proceeding. Those categories are as follows:

1. a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

2. a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

3. a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

4. a proceeding to object to or revoke a discharge, other than an objection to discharge under §§1 727(a)(8), (a)(9), or 1328(f);

5. a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

6. a proceeding to determine the dischargeability of a debt;

7. a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

8. a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

9. a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

10. a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Of these, the only close match is the tenth category. The Removed Case *would* fit that category except for the fact that all parties that were named in the bankruptcy proceeding were dismissed from the case thereby rendering it unrelated to the bankruptcy proceeding as of the date that Plaintiff filed his complaint.

Finally, 28 U.S.C. §157 provides that:

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Plaintiff's claim for defamation, false light invasion of privacy, and intentional infliction of emotional distress are clearly tort claims. As shown above, Plaintiff has no standing to object to Mover's proof of claim. Therefore, the *only* venue for this proceeding is the district court for the Eastern District of Louisiana.

**WHEREFORE**, Mover A.A. Doe prays that this Honorable Court GRANT his motion and transfers this matter United States District Court for the Eastern District of Louisiana and for any and all other relief this Court deems necessary.

**SIGNATURE ON NEXT PAGE**

Respectfully submitted:

*/s/Desirée M. Charbonnet*
DESIRÉE M. CHARBONNET (24051)
365 Canal Street
Suite 1100
New Orleans, LA 70130
Telephone: (504) 399-3374
Fax: (504) 561-7850
dcharbonnet@desireelaw.com

Matthew P. Chenevert (04026)
3043 Elmwood Park Drive
New Orleans, LA 70114
Telephone: (504) 451-4727
Fax: (877) 452-2761
mpchenevert@gmail.com

Bernard L. Charbonnet, Jr. (0450)
David M. Fink (33550)
365 Canal Street
Suite 1100
New Orleans, LA 70130
Telephone: (504) 561-0996
Fax: (504) 561-7850
dfink@charbonnetlaw.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all parties or their attorneys of record via the court's CM/ ECF system, electronically or by placing same in the U.S. Mail, first class postage prepaid this 24th day of June 2021.

*/s/Desirée M. Charbonnet*
**DESIREE M. CHARBONNET**