UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE ROMAN CATHOLIC CHURCH     CIVIL ACTION
FOR THE ARCHDIOCESE OF NEW ORLEANS

NO. 21-1238

SECTION: "E" (1)

## ORDER AND REASONS

Before the Court is a Motion to Withdraw the Reference filed by A. A. Doe.[1] Father John Asare-Dankwah ("Asare") filed an opposition to the motion.[2] A. A. Doe filed a reply.[3]

## BACKGROUND

On May 1, 2020, The Roman Catholic Church for the Archdiocese of New Orleans ("the Archdiocese") filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana.[4] The Bankruptcy Court established a March 1, 2021, deadline for filing sexual abuse proofs of claim.[5]

On January 27, 2021, A. A. Doe filed suit in the Civil District Court for the Parish of Orleans against Asare, the Archdiocese, Archdiocese of New Orleans Indemnity, Inc., and Blessed Trinity Catholic Church.[6] A. A. Doe alleged that, when he was ten years old, he was raped by Asare while Asare was acting in his capacity as a Catholic priest serving

---

[1] R. Doc. 1.
[2] R. Doc. 3.
[3] R. Doc. 6.
[4] *In re The Roman Catholic Church for the Archdiocese of New Orleans*, No. 20-10846, R. Doc. 1 (Bankr. E.D. La.).
[5] *Id.* at R. Doc. 427.
[6] *A. A. Doe v. The Roman Catholic Church of the Archdiocese of New Orleans, et al.,* No. 21-803, Civil District Court for the Parish of Orleans, State of Louisiana.

1

in the Blessed Trinity Catholic Church Parish and "operating under the authority, supervision, and direction of the Archdiocese."[7]

On February 2, 2021, the Archdiocese removed A. A. Doe's state court suit to this Court pursuant to 28 U.S.C. §§ 1334 and 1452(a).[8] That same day, in the Chapter 11 case, the Archdiocese filed a motion for relief for willful violation of automatic stay against A. A. Doe's lawyers, alleging the filing of A. A. Doe's state court lawsuit was a willful violation of the bankruptcy stay.[9] On February 22, 2021, pursuant to an agreement reached between the Archdiocese and A.A. Doe's lawyers, the Bankruptcy Court ordered that, in full satisfaction of the Archdiocese's motion for relief for willful violation of the automatic stay, A. A. Doe's counsel will voluntarily dismiss the claims in the A. A. Doe removed lawsuit "against all parties affected by the automatic stay without prejudice."[10]

On March 1, 2021, this Court ordered the removed lawsuit stayed and administratively closed "pending the resolution of the Archdiocese's bankruptcy proceedings."[11] On March 24, 2021, A. A. Doe filed a motion in the removed lawsuit, seeking leave to file an amended complaint "in order to dismiss, without prejudice, the Roman Catholic Archdiocese of New Orleans, Blessed Trinity Catholic Church Parish and Archdiocese of New Orleans Indemnity, Inc. as a parties defendant."[12] This Court granted A. A. Doe's motion, ordering the dismissal of the Archdiocese, Blessed Trinity Catholic Church Parish and Archdiocese of New Orleans Indemnity, Inc.[13] This Court also granted

---

[7] *Id.*
[8] *A. A. Doe v. Roman Catholic Church of the Archdiocese of New Orleans et al.*, No. 21-215, R. Doc. 1 (E.D. La.). A. A. Doe's state court petition is attached to the notice of removal, at R. Doc. 1-1.
[9] *In re The Roman Catholic Church for the Archdiocese of New Orleans*, No. 20-10846, R. Doc. 740 (Bankr. E.D. La.).
[10] *Id.* at R. Doc. 756.
[11] *A. A. Doe v. Roman Catholic Church of the Archdiocese of New Orleans et al.*, No. 21-215, R. Doc. 7 (E.D. La.).
[12] *Id.* at R. Doc. 8.
[13] *Id.* at R. Doc. 9.

2

A. A. Doe leave to file an amended complaint.[14] A. A. Doe's amended complaint in the removed lawsuit names Asare and Catholic Mutual Relief Society as Defendants.[15]

A. A. Doe filed a Proof of Claim in the Archdiocese's Chapter 11 case.[16] On May 3, 2021, Asare instituted an adversary proceeding[17] in the Archdiocese bankruptcy case by filing a complaint for damages against A.A. Doe, which included an objection to A. A. Doe's proof of claim.[18] Asare brought claims against A. A. Doe for defamation, false light invasion of privacy, and intentional infliction of emotional distress.[19] Asare's claims arise out of the sexual assault accusations made by A. A. Doe.[20]

On June 24, 2021, A. A. Doe filed an answer to Asare's complaint in the adversary proceeding.[21] On that same day, A. A. Doe filed the instant motion, arguing Asare's adversary complaint should be withdrawn from the bankruptcy court and decided by this Court because Asare's claims are for "personal injury torts" under 28 U.S.C. § 157(b)(5).[22] A. A. Doe further argues Asare's claims should be consolidated with the removed lawsuit currently pending before this Court.[23]

---

[14] *Id.* at R. Doc. 9.
[15] *Id.* at R. Doc. 10.
[16] In his motion to withdraw the reference, (R. Doc. 1), A. A. Doe represents that he has filed a proof of claim. This proof of claim, along with all other sexual assault proofs of claim, has not been made available to the public.
[17] *Asare-Dankwah v. A. A. Doe*, No. 21-1016 R. Doc. 1, (Bankr. E.D. La.).
[18] It is unlikely Asare has the right to file an adversary proceeding in the Archdiocese bankruptcy case, or to object to A. A. Doe's Proof of Claim.
[19] *Asare-Dankwah v. A. A. Doe*, No. 21-1016 R. Doc. 1, (Bankr. E.D. La.).
[20] *See id.*
[21] *Id.* at R. Doc. 20.
[22] R. Doc. 1. *See also Asare-Dankwah v. A. A. Doe*, No. 21-1016 R. Doc. 21, (Bankr. E.D. La.). A. A. Doe's motion to withdraw the reference was filed in the bankruptcy court and referred to this Court for disposition under Local Rule 83.4.3.
[23] R. Doc. 1.

3

## **LAW AND ANALYSIS**

Under 28 U.S.C. § 1334, the federal district courts have "original and exclusive jurisdiction of all cases under Title 11,"[24] and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under Title 11."[25] Under 28 U.S.C. § 157(a), the district court may refer to the bankruptcy court any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."[26] In the Eastern District of Louisiana, Local Rule 83.4.1 automatically transfers all "cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11," to the bankruptcy courts of this district."[27] District courts are empowered to withdraw a case or proceeding previously referred to the bankruptcy court.[28]

A. A. Doe argues § 157(b)(5) requires the district court to withdraw the reference if the bankruptcy case involves "personal injury torts."[29] Asare does not dispute that, in general, § 157(b)(5) requires personal injury tort claims be withdrawn to the district court, but argues his claims are not personal injury tort claims.[30]

Section 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is

---

[24] 28 U.S.C. § 1334(a).
[25] 28 U.S.C. § 1334(b).
[26] 28 U.S.C. § 157(a).
[27] LR 83.4.1.
[28] *See* 28 U.S.C. § 157(d); *see also Stern v. Marshall*, 564 U.S. 462, 473 (stating that district courts "may withdraw a case or proceeding referred to a bankruptcy court.").
[29] R. Doc. 1-1 at p. 4. *See, e.g., In re Residential Cap., LLC*, 536 B.R. 566, 571 (Bankr. S.D.N.Y. 2015); *In re Antone's Recs., Inc.*, No. 08-12292-CAG, 2010 WL 11678512, at *3 (Bankr. W.D. Tex. Feb. 5, 2010), report and recommendation adopted, 445 B.R. 758 (Bankr. W.D. Tex. 2011).
[30] R. Doc. 3 at p. 5. In fact, Asare cites to *In re Antone's Recs., Inc.*, No. 08-12292-CAG, 2010 WL 11678512, at *3 (Bankr. W.D. Tex. Feb. 5, 2010), *report and recommendation adopted*, 445 B.R. 758 (Bankr. W.D. Tex. 2011), for the proposition that personal injury tort claims must be withdrawn from the bankruptcy court to the district court.

pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.[31]

In *Stern v. Marshall*, the Supreme Court held § 157(b)(5) is procedural and not jurisdictional.[32] As a result, *Stern* recognized that a party may consent to resolution of its personal injury tort or wrongful death claims in bankruptcy court.[33] In *Stern*, the Supreme Court found there had been consent to resolution of the claim in bankruptcy court, so the Court in that case was not required to "determine what constitutes a personal injury tort."[34] Because consent was not given in this case, this Court must determine whether Asare's defamation, intentional infliction of emotional distress, and false light invasion of privacy claims are "personal injury torts" within the meaning of § 157(b)(5) such that the reference should be withdrawn.

The Fifth Circuit has not yet addressed this issue. Several lower federal courts, however, have taken up the task of defining "personal injury tort" under § 157(b)(5). Three different views have emerged. Some courts have adopted a narrow view of what constitutes a personal injury tort, requiring that a party suffer actual bodily harm or severe trauma.[35] Other courts have adopted a broad view, taking the term "personal injury tort" to encompass a broad array of private, civil wrongs and injuries invading personal rights.[36]

---

[31] 28 U.S.C. § 157(b)(5).a
[32] 564 U.S. 462, 479–80 (2011).
[33] *Id.*
[34] *Id.*
[35] *See, e.g., In re Gawker Media LLC*, 517 B.R. 612 (Bankr. S.D.N.Y. 2017); *Massey Energy Co. v. West Virginia Consumers for Justice*, 351 B.R. 348 (E.D. Va. 2006); *In re Cohen*, 107 B.R. 453 (S. D. N.Y. 1989); *In re Atron Inc. of Mich.*, 172 B.R. 541 (Bankr. W.D. Mich. 1994).
[36] *Moore v. Idealease of Wilmington*, 358 B.R. 248 (E.D.N.C. 2006); *In re Erickson*, 330 B.R. 346 (Bankr. D. Conn. 2005); *In re Volkmar,* 217 B.R. 561 (Bankr. N.D. Ill. 1998); *In re Gary Brew Enterprises Ltd.*, 198 B.R. 616 (Bankr. S.D. Cal. 1996).

Still other courts have adopted a hybrid, middle ground approach which requires a more in-depth analysis of the underlying claim.[37] Courts adopting the middle ground approach have rejected the narrow approach requiring bodily injury because it ignores the fact that personal "bodily" injury is not included in the text of § 157(b)(5) of the Bankruptcy Code, but is included in the text of § 522(d)(11)(D) of the Bankruptcy Code.[38] Other courts adopting the middle ground approach have rejected the broad approach because it places too much emphasis on whether the claim would be considered a "personal injury tort" in a non-bankruptcy context, such as a state tort law actopm.[39] That approach, they fear, presents a risk that claims sounding in financial, business, contract, or property also will be withdrawn from the bankruptcy courts, despite the fact that such claims fall squarely within the "expertise" and "domain" of the bankruptcy system.[40]

Under the middle ground view, if the claim may be considered a personal injury tort under the broader view, but has "earmarks" of a financial, business, contract, or property tort claim, the claim should be decided by the district court.[41] In determining whether a state law tort claim has earmarks of a financial, business, contract, or property tort, the court should perform a more searching analysis of the complaint.[42] For example, in *In re Residential Capital*, in determining whether a claim for intentional infliction of emotional distress was a personal injury tort claim under § 157(b)(5), the court asked

---

[37] *In re Ayers, 581 B.R. 168* (Bankr. W.D. Va. 2018)*; In re Residential Capital, LLC*, 536 B. R. 566 (Bankr. S.D.N.Y. 2015); *In re Smith,* 389 B.R. 902 (Bankr. D. Nev. 2008); *In re Grimes,* 388 B.R. 195 (Bankr. N.D. W. Va. 2008); *In re Ice Cream Liquidation, Inc.,* 281 B.R. 154 (Bankr. D. Conn. 2002).
[38] *See* 11 U.S.C. § 522(d)(11)(D) (exempting "a payment . . . on account of *personal bodily injury* . . . .") (emphasis added); *see also In re Ice Cream Liquidation,* 281 B.R. at 160.
[39] *In re Ice Cream Liquidation,* 281 B.R. at 161.
[40] *Id. See also In re Grimes*, 388 B.R. at 199 ("[t]o eliminate the risk that financial, business, or property tort claims could escape the [authority] of the bankruptcy court, the court specifically rejects an overly expansive views of what constitutes a 'personal injury tort.'").
[41] *In re Ice Cream Liquidation,* 281 B.R. at 161.
[42] *See, e.g.*, *In re Residential Capital, LLC,* 536 B. R. 566*; In re Thomas*, 211 B.R. 838 (Bankr. D.S.C. 1997); *In re Lang*, 166 B.R. 964 (D. Utah 1994).

"whether the emotional trauma is the gravamen of the complaint or merely an element of damages."[43] The court found the emotional distress claim stemmed from allegedly flawed mortgage foreclosure and loss mitigation processes, and concluded the claim arose "primarily out of financial, contract, or property tort claims."[44] Though the intentional infliction of emotional distress claim would be considered a tort under state law, the bankruptcy court maintained authority over the claim because the central focus of the complaint was a financial, contract, or property tort claim.[45] In *In re Grimes*, the debtor alleged a claim for negligence based on the bank's unauthorized withdrawal of money from the debtor's bank account.[46] The debtor alleged he suffered humiliation, embarrassment and emotional distress as a result of the bank's negligence.[47] The court in that case found that the bankruptcy court had authority to adjudicate the negligence claim because it was "more akin to a financial, business or property tort claim than a personal injury tort claim."[48]

Considering the three different views described above, the Court concludes the middle ground approach is the correct approach. "This middle ground approach is the most appealing because it is closely aligned with what are traditionally thought of as 'common law torts.'"[49] Applying the middle ground approach, the Court must first determine whether Asare's claims for defamation, false light invasion of privacy, and intentional infliction of emotional distress constitute "personal injury torts" within the meaning of § 157(b)(5).

---

[43] *In re Residential Capital, LLC,* 536 B. R. at 572.
[44] *Id*. at 575.
[45] *Id*.
[46] *In re Grimes, 388 B.R*. at 197.
[47] *Id*.
[48] *Id*. at 199.
[49] *In re Smith*, 389 B.R. at 908.

Asare's complaint specifically alleges A. A. Doe "falsely stated to parishioners at St. Peter Claver Catholic Church and Blessed Trinity Catholic Church that in January 2008" Asare raped and sexually assaulted him when he was a minor child.[50] Asare's complaint further alleges that, as a result of A. A. Doe's "false" and "defamatory"[51] statements, Asare has been "injured in numerous respects, including mentally, professionally, and financially,"[52] he has been "placed in a false light before the public,"[53] and he has "suffered severe emotional distress."[54]

Asare's claims are causes of action arising under Louisiana tort law. Bodily injury is not an element of these tort claims under Louisiana law. Nor is bodily injury required for a cause of action to be a personal injury tort claim under the middle ground approach adopted by this Court. Because Asare's claims are based on personal injury torts under the broader view, the Court must withdraw the reference under § 157(b)(5) unless the claims have characteristics of financial, business, contract, or property tort claims. In determining whether the claims have such characteristics, the Court looks to the gravamen or central focus of Asare's complaint—defamation, false light invasion of privacy, and intentional infliction of emotional distress. The claims do not sound in finance, business, contract, or property. Asare's reference to the defamatory statements causing him various injuries, including professional and financial injuries,[55] does not transform his claims into ones arising primarily out of a financial, business, contractual,

---

[50] *Asare-Dankwah v. A. A. Doe*, No. 21-1016 R. Doc. 1 at ¶ 35–36 (Bankr. E.D. La.).
[51] *Id.* at ¶ 45, 47.
[52] *Id.* at ¶ 47.
[53] *Id.* at ¶ 52.
[54] *Id.* at ¶ 56.
[55] *Id.* at ¶ 47.

or property interest. Any financial and professional harms alleged by Asare are merely elements of damages, not the gravamen of the complaint.

Asare's claims do not fall squarely within the expertise and domain of the bankruptcy court. As a result, Asare's claims will be withdrawn from the bankruptcy system.

## CONCLUSION

For the reasons stated herein, A. A. Doe's motion to withdraw the reference[56] is hereby **GRANTED**.

**New Orleans, Louisiana, this 25th day of August, 2021.**

                                    *Susie Morgan*
                              **SUSIE MORGAN**
              **UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 1.